UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILITZA C.,[1]

      **Plaintiff,**

v.

**LELAND DUDEK,**[2]
**Acting Commissioner of Social Security,**

      **Defendant.**

Case No. 2:23-cv-317
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Militza C. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff appeals from the final decision denying that application. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court affirms the decision.

**I.    PROCEDURAL HISTORY**

On April 26, 2021, Plaintiff filed her application for benefits, alleging that she has been disabled since October 30, 2020. R. 215, 228, 293–301. The application was denied initially and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Leland Dudek, the current Acting Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

upon reconsideration. R. 229–32, 234–37. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 243. ALJ Kenneth Ayers held a hearing on April 11, 2022, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 150–98. In a decision dated May 4, 2022, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from October 30, 2020, Plaintiff's alleged disability onset date, through June 30, 2021, the date on which Plaintiff was last insured for disability insurance benefits. R. 16–24. That decision became final when the Appeals Council declined review on November 29, 2022. R. 1–7. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On April 17, 2024, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 14.[3] On May 2, 2024, the case was reassigned to the undersigned. ECF No. 15. The matter is ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's

---

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

> factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account

whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent

4

such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016).

**B.    Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the

impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.     ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 50 years old on October 30, 2020, her alleged disability onset date. R. 216, 222. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and June 30, 2021, the date on which she was last insured for benefits. R. 18.

At step two, the ALJ found that Plaintiff's cervical and lumbar disc disease and left carpal tunnel syndrome with release were severe impairments. R. 18. The ALJ also found that Plaintiff's hypothyroidism and GERD/gastritis were not severe impairments and that her allegation of headaches was not a medically determinable impairment. R. 18–19.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. *Id*.

At step four, the ALJ found that Plaintiff had the RFC to perform a compromised range of sedentary work subject to various limitations. R. 20–24. Relying on the testimony of the vocational expert, the ALJ also found that this RFC permitted the performance of Plaintiff's past relevant work as an administrative assistant for human resources, DOT 169.167-010, SVP 7. R. 24. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant period. *Id*.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 5; *Plaintiff's Reply Brief*, ECF No. 11. The Acting Commissioner takes the position that the decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient

explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 9.

## IV. DISCUSSION

Plaintiff contends that the ALJ erred in his consideration of Plaintiff's subjective complaints. *Plaintiff's Brief*, ECF No. 5, pp. 8–15; *Plaintiff's Reply Brief*, ECF No. 11, pp. 1–5. For the reasons that follow, this Court disagrees.

"Subjective allegations of pain or other symptoms cannot alone establish a disability." *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3d Cir. 2017) (citing 20 C.F.R. § 416.929(a)). Instead, objective medical evidence must corroborate a claimant's subjective complaints. *Prokopick v. Comm'r of Soc. Sec.*, 272 F. App'x 196, 199 (3d Cir. 2008) (citing 20 C.F.R. § 404.1529(a)). Specifically, an ALJ must follow a two-step process in evaluating a claimant's subjective complaints. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id*. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" *Id*.; *see also Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) ("[Evaluation of the intensity and persistence of the pain or symptom and the extent to which it affects the ability to work] obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it.") (citing 20 C.F.R. § 404.1529(c)). In conducting this evaluation, an ALJ must consider the objective medical evidence as well as other evidence

relevant to a claimant's subjective symptoms. 20 C.F.R. § 404.1529(c)(3) (listing the following factors to consider: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate pain or other symptoms; treatment, other than medication, currently received or have received for relief of pain or other symptoms; any measures currently used or have used to relieve pain or other symptoms; and other factors concerning your functional limitations and restrictions due to pain or other symptoms). Finally, an "ALJ has wide discretion to weigh the claimant's subjective complaints, *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), and may discount them where they are unsupported by other relevant objective evidence." *Miller*, 719 F. App'x at 134 (citing 20 C.F.R. § 416.929(c)); *see also Izzo v. Comm'r of Soc. Sec.,* 186 F. App'x 280, 286 (3d Cir. 2006) ("[A] reviewing court typically defers to an ALJ's credibility determination so long as there is a sufficient basis for the ALJ's decision to discredit a witness.").

Here, the ALJ followed this two-step evaluation process. The ALJ specifically considered Plaintiff's subjective complaints. R. 20–21. For example, the ALJ expressly considered Plaintiff's allegations in her function report and hearing testimony, which addressed, *inter alia*, allegations of pain and difficulty concentrating as well as Plaintiff's daily activities:

> The claimant alleges disability due to a bulging disc in her neck, a herniated disc in her neck, a bulging disc in her back, lower back pain, carpal tunnel syndrome, and surgery for her neck (Exhibit 2E). In her function report, she noted that her injuries prevent her from sitting, sleeping, standing, walking, lifting, bending, kneeling, squatting, and facing upwards or downwards. She reported that her impairments have affected the position which she is able to sit or sleep and for how long. She reported she can only walk very slow, and she reported she can only walk for short distances. *She reported that not only did she have limited range of motion, but her impairments are debilitating and excruciatingly painful*. She reported she does not sleep well because she tosses and turns. She reported she is limited with personal care, and she reported she can only prepare simple and quick meals. She reported she can do laundry once a week. She reported she does not drive. She reported she

9

> shops maybe one to two times per month for groceries and household items. *She reported she is able to pay bills and handle a checking and savings account. She reported that her hobbies include reading and watching television. She reported she does socialize with people both by phone as well as in person.* She reported she has not attended any social functions since her accident, and she reported she cannot sit long enough to attend church services (Exhibit 4E).

R. 20 (emphasis added).

> At the hearing, the claimant testified that she has a Bachelor's degree and Master's degree. She testified that in October 2020 she was involved in a motor vehicle accident. She testified that she has severe spinal pain that radiates to her neck, back, and upper extremities. She also testified that she has headaches. She testified that she has undergone physical therapy and acupuncture and she testified that in November 2021, she underwent cervical spine surgery. She testified that she has also undergone carpal tunnel surgery and has undergone trigger point injections. *She testified that following her motor vehicle accident, she was in severe pain and was extremely limited with her ability to function.* She testified that she only sleeps for several hours at night, and she testified that she used to be very active prior to her accident. She testified that she lives with her husband, mother-in-law, and brother-in-laws. She testified that she lives in one family home and has two daughters that are 25 and 21. She testified that both her children are working, and she testified that her husband works full-time. *She testified that she cannot return to work due to the injuries she sustained in her motor vehicle accident on October 30, 2020. She testified that her physical state has deteriorated, and she stated she still has severe back and neck pain.* She testified that she walks very slow and *has trouble concentrating.* She testified that she has trouble sleeping as well as trouble walking and sitting. She testified that if she has to lift a gallon of milk, she has to use both hands. She testified that she has numbness in her hands and has issues with grasping as well as holding things. She also testified that she has difficulty turning her neck in both directions. She testified that even after her neck surgery, she still has pain. She testified that she takes pain killers and muscle relaxers. She testified that she only sleeps about 3 to 4 hours a night. She testified that her medications make her feel tired and drowsy. She testified that she gets headaches frequently, but she testified that she does not take anything specific for headaches. She testified that due to her pain, she has difficulties performing personal care. She testified that she uses a shower chair in the shower, and she testified that she needs help with dressing and putting on clothing. She testified that she is not able to do household chores. She testified that she does use a neck collar occasionally, maybe 2 to 4 times a month. She testified that she can only do easy cooking and is limited to driving locally. She testified that she did not return to work after October 2020, but she stated she did receive short term disability payments.

R. 21. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause symptoms, but that Plaintiff's statements "concerning the intensity, persistence

10

and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* The ALJ explained that, although the medical record indicates that Plaintiff's physical impairments result in some functional limitations, her subjective statements were not consistent with a conclusion of total disability:[4]

> Although the record documents that the claimant suffers from physical impairments which do result in some limitations in functioning, the record evidence fails to document that the claimant's impairments preclude all work activity. The claimant testified as to being involved in a motor vehicle accident on October 30, 2020, and emergency department records from New York Presbyterian Hospital confirm the claimant's testimony. Imaging documented cervical spondylosis. She was noted to be diagnosed was cervicalgia and she was given prescription pain medication and a cervical collar (Exhibit 1F). The claimant was noted to follow-up with Dr. Grano on November 4, 2020, and she reported complaints of neck pain, mid back pain, and hip pain. The claimant reported that her symptoms of radiating pain happen constantly. Examination documented diminished range of motion in her neck and back and muscle spasm, tenderness, and weakness was found in her bilateral hips, shoulders, neck, and back. She was advised to participate in physical therapy three

---

[4] The ALJ determined that Plaintiff had an RFC for sedentary work with additional limitations:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a compromised range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant had the residual functional capacity to perform sedentary work defined as lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours, standing for 2 hours, and walking for 2 hours; pushing/pulling as much as she could lift/carry; occasionally reaching overhead on the left and occasionally reaching overhead on the right; for all other reaching, she could reach frequently on the left and could reach frequently on the right; she could handle and finger with the left and right hands frequently; she could climb ramps and stairs occasionally; she could never climb ladders, ropes, or scaffolds; she could balance occasionally as defined in the SCO; she could stoop and crouch occasionally; she could never kneel or crawl; she could never work at unprotected heights; she could never work around hazardous, moving mechanical parts;
> and she could work in humidity and wetness occasionally and in extreme cold occasionally.

R. 19–20.

> times a week for 30 minutes for four weeks (Exhibit 2F). By January 2021, the claimant's treatment records with Dr. Grano documented that the claimant was progressing slowly but steadily (Exhibit 2F/16).

R. 20–21. The ALJ went on to detail years of medical evidence and record testimony to further support his findings. R. 21–24. While he noted Plaintiff's complaints of pain, R. 20–22, the ALJ also explained why Plaintiff was nevertheless capable of performing a limited range of sedentary work:

> Based on the record evidence in its entirety, the undersigned finds that during the relevant period at issue, the claimant was only limited to the range of sedentary work detailed above. While some testing was positive in the claimant's upper extremities, her left upper extremity especially, her strength was consistently documented to be 5/5. The EMG in Exhibit 6F/28 was positive for moderate left carpal tunnel syndrome, but no active radiculopathy was noted. The claimant also underwent surgical release on April 20, 2021 and reported some improvement following the release. As for her cervical and lumbar degenerative disc disease, imaging of her cervical spine did show C4-5 severe right foraminal stenosis. However, there was no cord edema or myelomalacia (Exhibit 6F/25). Although cervical fusion was subsequently performed on November 4, 2021, this is after the claimant's date last insured and is therefore not being considered as [ ] part of the period in question. Exam findings right before her date last insured in June 2021 were largely normal with regards to her cervical spine (Exhibit 16F/24). Her strength was documented to be 5/5, DTR's were normal, Babinski's and Hoffmann's testing was negative bilaterally, she exhibited normal coordination, and she had full range of motion in her bilateral upper and lower extremities. Although some tenderness was found at some levels of the cervical spine, her strength was noted to be intact. Accordingly, the undersigned does not find the claimant to be further restricted than to the range of sedentary work detailed above during the relevant period at issue.

R. 23. In the view of this Court, this record provides substantial support for the ALJ's decision to discount Plaintiff's subjective statements as inconsistent with the record evidence. *See* 20 C.F.R. § 404.1529(c)(3); *Van Horn*, 717 F.2d at 873; *Miller*, 719 F. App'x at 134; *Izzo*, 186 F. App'x at 286.

Plaintiff, however, argues that the ALJ's analysis of Plaintiff's subjective statements was flawed because the ALJ did not reject her allegations of pain yet he failed to "directly address"

the impact of her pain on her concentration. *Plaintiff's Brief*, ECF No. 5, pp. 8–15; *Plaintiff's Reply Brief*, ECF No. 11, pp. 1–5. Plaintiff also complains that the ALJ failed to explain why her allegations in this regard were not incorporated into the RFC. *Id*. According to Plaintiff, even a mild mental limitation in the area of concentration, persistence, or pace would impact her ability to perform skilled work and would preclude the performance of her past relevant skilled work as an administrative assistant for human resources. *Id*. Plaintiff's arguments are not well taken.

As a preliminary matter, Plaintiff cites to only her subjective hearing testimony that her pain impaired her ability to concentrate, arguing without any apparent basis that she has at least a "mild" limitation in concentration, persistence, or maintaining pace. *Id*. As previously explained, however, a claimant's subjective complaints, standing alone, cannot establish a disability. *See* 20 C.F.R. § 404.1529(a); *Miller*, 719 F. App'x at 134; *Prokopick*, 272 F. App'x at 199; *cf. Williams v. Comm'r of Soc. Sec.*, No. CV 18-8769, 2019 WL 2223748, at *2 (D.N.J. May 23, 2019) ("Plaintiff has pointed to no evidence save her own testimony that might establish that medication side effects limit her ability to focus or concentrate. The ALJ therefore did not err in concluding that this subjective complaint (difficulty concentrating due to medication side effects) was not entirely consistent with the medical evidence."). Notably, an ALJ is required to include in a claimant's RFC only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

Plaintiff nevertheless contends that the ALJ did not clearly or completely reject her allegations of pain and therefore should have expressly discussed her subjective complaints about concentration difficulties. Plaintiff's argument misses the mark. "The ALJ was not required to credit those complaints in every respect[,]" *Bronson v. Colvin*, No. CIV.A. 12-1793, 2013 WL 5274810, at *11 (W.D. Pa. Sept. 18, 2013) (citations omitted), nor is the ALJ required

"to give a written evaluation of each piece of evidence or testimony." *Hiester v. Colvin*, No. 3:12CV1350, 2014 WL 65296, at *11 (M.D. Pa. Jan. 8, 2014); *cf. Eckstein v. Comm'r of Soc. Sec.*, No. CIV.A. 13-1111, 2014 WL 1371581, at *17 (W.D. Pa. Apr. 8, 2014) ("The simple fact that the ALJ did not explicitly discuss every subjective claim made by Plaintiff, alone, is not dispositive."). Nor must an ALJ adhere to any particular format when conducting this analysis. *See Jones*, 364 F.3d at 505. Instead, an ALJ must provide a clear and satisfactory explication of the basis on which the determination rests. *Id.*; *see also Cotter*, 642 F.2d at 704. That is precisely what the ALJ in this matter did. The Court has already detailed the ALJ's express consideration of Plaintiff's subjective complaints and why those complaints were not completely consistent with the medical record. In doing so, the ALJ specifically considered, *inter alia*, Plaintiff's hearing testimony that her pain impacts her ability to concentrate, R. 21, but the ALJ also considered the other statements contained in Plaintiff's own function report: *e.g.*, she was capable of, among other things, paying bills, handling a checking and savings account, reading, and watching television, R. 20, activities that require and reflect an ability to concentrate. *See Millner v. Comm'r of Soc. Sec.*, No. 2:18-CV-13473 (SDW), 2019 WL 3369781, at *6 (D.N.J. July 25, 2019) ("Plaintiff reported completing many daily tasks that require some concentration, persistence and pace, such as watching television and reading for pleasure."); *Kinzey v. Colvin*, No. CV 16-5435, 2019 WL 1236684, at *4 (E.D. Pa. Mar. 18, 2019) (affirming ALJ's decision where the ALJ found the claimant's daily life activities, including, *inter alia*, "paying bills, handling his finances, engaging in reading as a hobby," undermined the claimant's credibility, including an alleged "inability to concentrate, and difficulty focusing"); *Dorkoski v. Colvin*, No. 3:14-CV-1198, 2015 WL 4409616, at *26 (M.D. Pa. July 16, 2015) (finding that "the ALJ correctly noted that Plaintiff's activities of daily living discredited his account of the severity of

his symptoms[,]" including, "[i]n terms of concentration, Plaintiff was able to pay bills, count change, handle a savings account, use a checkbook, and use a computer"). Accordingly, and considering the ALJ's decision as a whole, the Court concludes that the ALJ's discussion sufficiently explains why there were no concentration limitations contained in the RFC.[5]

In any event, although the ALJ did not find that Plaintiff's subjective complaints were entirely credible, he did not completely reject those statements. For example, in light of her complaints of pain, the ALJ limited Plaintiff to, *inter alia*, a limited range of sedentary work that required only occasional reaching overhead bilaterally, frequent (as opposed to constant) reaching in all other directions; frequent (as opposed to constant) bilateral fingering; occasional climbing of ramps and stairs, but no climbing of ladders, ropes, or scaffolds; and occasional balancing, stooping, and crouching; and no kneeling or crawling. R. 19–20. Moreover, the ALJ's additional limitation of never working at unprotected heights or working around hazardous, moving mechanical parts, R. 20, could also accommodate, *inter alia*, an alleged difficulty in concentrating. *See Nixon v. Comm'r of Soc. Sec.*, No. CV 18-1631, 2019 WL 4748058, at *1 n.1

---

[5] The record also reflects evidence that expressly contradicts Plaintiff's hearing testimony that she had trouble concentrating. *See* R. 318 (disability report dated April 26, 2021, denying that she has any difficulty with, *inter alia*, understanding and concentrating), 343 (Plaintiff's function report dated May 6, 2021, reflecting that Plaintiff did not check boxes marked "Concentration" and "Understanding" when asked if her illnesses, injuries or conditions affect any abilities), 505 (intake form regarding Plaintiff's medical history asking her to check issues that apply to her but not check for, *inter alia*, difficulty concentrating), 842 (treatment record dated February 23, 2022, reflecting, *inter alia*, that Plaintiff was "alert and oriented x 3 with no impairment of recent or remote memory, normal attention span and ability to concentrate, able to name objects and repeat phrases. Appropriate fund of knowledge"); *see also Orndorff v. Colvin*, 215 F. Supp. 3d 391, 401–02 (M.D. Pa. 2016) (finding that inconsistencies in the claimant's statements were a "strong indication" of the claimant's lack of credibility) (citations and internal quotation marks omitted); *Rivera v. Comm'r of Soc. Sec.*, No. CV 15-1088 (ES), 2016 WL 4718143, at *6 (D.N.J. Sept. 9, 2016) (affirming denial of benefits where the ALJ concluded that the claimant's allegations were unsupported by the record where, *inter alia*, the claimant's function report "contradicted her testimony at the hearing").

(W.D. Pa. Sept. 30, 2019) ("[D]espite the record showing no concentration deficits, the ALJ noted that he addressed any concerns regarding a loss of concentration due to pain by restricting her exposure to hazards.").

For all these reasons, the Court concludes that the ALJ sufficiently explained his reasoning in assessing Plaintiff's subjective complaints, and the ALJ's findings in this regard are supported by substantial evidence in the record and are therefore entitled to this Court's deference. *See* SSR 16-3p; *Miller*, 719 F. App'x at 134; *cf. Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x. 761, 765 (3d Cir. 2009) ("Credibility determinations as to a claimant's testimony regarding pain and other subjective complaints are for the ALJ to make.") (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)). Accordingly, the ALJ's assessment of Plaintiff's subjective complaints cannot serve as a basis for remand of this action. *Id*.

## V.  CONCLUSION

For these reasons, the Court **AFFIRMS** the Acting Commissioner's decision.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  March 31, 2025                             *s/Norah McCann King*
                                                  NORAH McCANN KING
                                                  UNITED STATES MAGISTRATE JUDGE